OPINION
Defendant-appellant Calvin Jackson appeals from his conviction and sentence, following a guilty plea, to eight counts of Aggravated Robbery, with two of the counts carrying firearm specifications. Jackson was originally charged with seventeen counts, which included two counts of Kidnapping, both with firearm specifications, three counts of Aggravated Robbery, all with firearm specifications, and four counts of Carrying Concealed Weapons. The State agreed to dismiss all but eight Aggravated Robbery counts, and further agreed to dismiss all but two of the firearm specifications on those counts.
 I
The charges to which Jackson pled guilty involved a series of robberies carried out in a short period of time at two nearby commercial establishments. In each robbery, Jackson allegedly displayed a firearm, but did not discharge it. In at least one robbery, he allegedly put the gun to the head of one of the victims.
Following a plea hearing, the trial court accepted Jackson's plea. The initial sentencing hearing was deferred pending completion of a Mitigation of Penalty Evaluation by the Forensic Psychiatry Center for Western Ohio. At the subsequent sentencing hearing, the trial court indicated that it had considered the pre-sentence investigation report and the Mitigation of Penalty Evaluation. The trial court listened to a statement by one of the victims, noted the presence of another victim, allowed Jackson and his attorney both to speak, made appropriate findings, and sentenced Jackson to: (1) five years on each of the five Aggravated Robbery counts relating to one commercial establishment, to be served concurrently with one another; (2) three years for each of the three Aggravated Robbery counts pertaining to the other commercial establishment, to be served concurrently with one another, but consecutively with the sentences for the other five counts; and (3) three years on each of the firearm specifications, to be served consecutively to one another and to the other sentences imposed. In short, Jackson received a sentence of fourteen years — three years on each of two firearm specifications, five years on the five Aggravated Robbery counts at one establishment, and three years on the three Aggravated Robbery counts at the other establishment.
From his conviction and sentence, Jackson appeals.
 II
Jackson's assigned attorney has filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, in which his attorney has indicated that he can find no assignments of error having arguable merit. On March 14, 2001, we advised Jackson, by entry, that his attorney had filed an Ander's brief, and allowed him sixty days in which to file a pro se brief assigning errors for review. He has not done so.
This court has performed its independent duty to review the record, in accordance with Anders v. California, supra, and finds no assignments of error that would not be frivolous. This court has reviewed the transcript of the plea hearing, the first sentencing hearing, at which sentencing was continued until such time as a psychological evaluation could be performed, and the final sentencing hearing, at which Jackson was sentenced. We have also reviewed the pre-sentence investigation report and the "Mitigation of Penalty Evaluation" prepared by the Forensic Psychiatry Center for Western Ohio. Our review of the plea hearing indicates that the trial court thoroughly reviewed with Jackson his rights and his decision to enter a plea, in full compliance with Crim. R. 11. Our review of the sentencing hearing indicates that the trial court made the necessary findings for the imposition of consecutive sentences, and, with respect to the five counts for which more than the minimum sentence was imposed, the necessary findings for imposing more than a minimum sentence. We have reviewed the pre-sentence investigation report and the Mitigation of Penalty Evaluation, as well as the transcript of the sentencing hearings, and we conclude that the record supports the trial court's findings.
In short, we agree with Jackson's attorney's conclusion that there are no potential assignments of error that would not be frivolous. Accordingly, the judgment of the trial court is Affirmed.
 _________ FAIN, J.
BROGAN and GRADY, JJ., concur.